M. Erik Clark, 188693
Nancy B. Clark, #207024
**Borowitz & Clark, LLP**
100 N. Barranca Street, Suite 250
West Covina, CA 91791
Tel: (626) 332-8600
Fax: (626) 332-8644
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

GLORIA ELISA GALVAN,

                    Debtor.

Case No: 2:16-bk-24755-NB

Chapter 13

**OPPOSITION TO TRUSTEE'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE REQUEST; DECLARATIONS OF ANTOINETTE ELISA GALVAN; DECLARATION OF GLORIA ELISA GALVAN; DECLARATION OF M. ERIK CLARK**

DATE:   October 24, 2019
TIME:   8:30 a.m.
PLACE:  Courtroom 1545
             255 E. Temple Street
             Los Angeles, CA

       The Debtor, Gloria Elisa Galvan ("Debtor") by and through her attorney, M. Erik Clark, hereby opposes the Chapter 7 Trustee's Motion for Allowance of Administrative Expense Request ("Trustee's Motion"). This opposition is based on any documentary evidence attached hereto, and by such other facts, evidence, and argument as may be presented at the time of the hearing on this motion.

## STATEMENT OF FACTS

       Debtor, Gloria Elisa Galvan ("Gloria" or "Debtor"), filed Chapter 7 bankruptcy on November 7, 2016 (Case Number: 2:16-bk-24755-NB). The Chapter 7 was converted to Chapter 13 on January 26,

2017 by stipulation with the United States Trustee (see attached as Exhibit A, a true and correct copy of the Stipulation for Voluntary Conversion of Underlying Case to Chapter 13 entered into by Kelly L. Morrison, Trial Attorney for the U.S. Trustee, and Dheeraj K. Singhal, Gloria's prior counsel on January 9, 2017).  Her sister, Antoinette Elisa Galvan ("Ann") (collectively, "the Galvans" or "Debtors"), filed a related Chapter 7 on November 7, 2016, (Case Number: 2:16-bk-24753-NB).  Gloria and Ann were previously represented by the Law Offices of Dheeraj Singhal ("Prior Counsel").  After attending several Section 341(a) hearings, and after conversations with Prior Counsel regarding the fact that he incorrectly advised Gloria she qualified for a Chapter 7 bankruptcy, Gloria and Ann sought legal representation elsewhere.  On April 24, 2017, Gloria caused to be filed a substitution of attorney, substituting, M. Erik Clark into her Chapter 13 case (see attached as Exhibit B, a true and correct copy of the Substitution of Attorney filed on April 24, 2017).   Subsequently, the Section 341(a) Hearings having been concluded and all objections to confirmation having been resolved, on August 25, 2017, Gloria's Plan was confirmed at $300 for months 1-6, $651 for months 7-44, $1,577 for months 45-60, providing 13% to the general unsecured creditors (see attached as Exhibit C, a true and correct copy of the Order Confirming Chapter 13 Plan entered on August 25, 2017).  No party objected to Gloria's claim of exemptions.

Prior to filing bankruptcy, Gloria and Ann were equal partners in Hope Inspired Creations, LLC (HIC).  They started the business after Ann was diagnosed with cancer.  Upon the advice of Prior Counsel, the Galvans dissolved HIC shortly before filing both of their respective cases.  This business and its assets ("Business Assets") are the subject of the Motion for Order: (A) Authorizing Private Sale of Intellectual Property Assets Outside the Ordinary Course of Business Free and Clear of All Claims, Liens, Encumbrances, and Interests; (B) for Determination of Good Faith Purchaser Under Section 363(m); (C) Approving Assignment of Intellectual Property: and (D) Waiving Fourteen Day Stay Under

Rule 6004(h) ("Motion to Sell"), filed by the Chapter 7 Trustee, Peter J. Mastan ("Trustee") on July 30, 2019, in which the Trustee is attempting to sell the Business Assets at issue for $45,000.00 (Docket Number 191).    The Trustee now comes forward with the Trustee's Motion seeking approval of an administrative claim of $30,944.50.

Gloria and Ann entered into a Settlement Agreement based on a mediation which was ordered by this court due to a Motion to Disallow the Claim of TSDC (see attached as Exhibit D, a true and correct copy of the Order on Amended Motion for Order Approving Settlement Agreement entered on September 13, 2019).    The Trustee is correct when he states that the settlement between TSDC and Gloria would require Gloria to pay 100% to her general unsecured creditors.    The Settlement Agreement also required TSDC reduce its proof of claim from the challenged $255,510.35 to $30,000.00 in order to achieve this end.    An administrative claim by the Trustee in the amount of $30,944.50, in addition to being unreasonable, and of no value to the estate, would cause Gloria's plan to become woefully infeasible.

On November 30, 2017, in an email to Trustee's counsel from Debtors' counsel indicated that due to the lax management of the Asset, it had likely lost its value so as to leave TSDC as the only entity who would be interested in buying the Asset (see attached as Exhibit E, a true and correct copy of the November 30, 2017 email sent to Trustee's counsel Peter Bowie and Chris Celentino).    See Declaration of M. Erik Clark.

## ARGUMENT

Title 11 U.S.C. §330 states, in part:

(a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to §§ 326, 328, and 329, the court may award to a trustee…
        (A)  reasonable compensation for actual, necessary services rendered by the trustee…
        (B) reimbursement for actual, necessary expenses.
        …

(3)   In determining the amount of the reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

....

(C) whether the services were reasonably necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(4) (A) Except as provided in subparagraph (B), the court shall not allow compensation for-

(i) unnecessary duplication of services; or
(ii) services that were not-
(I) reasonably likely to benefit the debtor's estate; or
(II) necessary to the administration of the case.

...

11 U.S.C. § 330 *(sections omitted)*.

A bankruptcy court must examine the circumstances and the manner in which services are performed and the results achieved in order to arrive at a determination of a reasonable fee allowance. In Re Mednet, 251 B.R. 103 (9th Cir. BAP 2000).

Such examination, in general, should include the following questions: First, were the services authorized? Second, were the services necessary or beneficial to the administration of the estate at the time they were rendered? Third, are the services adequately documented? Fourth, are the fees requested reasonable, taking into consideration the factors set forth in § 330(a)(3)? See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc., 924 F.2d 955, 957-58 (9th Cir.1991). Finally, in making this determination, the court must take into consideration whether the professional exercised reasonable billing judgment.[7] As stated in In re Riverside-Linden *109 Investment Co., 925 F.2d 320, 321 (9th Cir.1991), "[w]hen a cost benefit analysis indicates that the only parties who will likely benefit from [a service] are the trustee and his professionals," the service is unwarranted and a court does not abuse its discretion in denying fees for those services (citation and internal quotation marks omitted). *Id.*

It is clear from the Trustee's own motion and exhibits that neither Gloria's nor Ann's creditors will ever receive any funds from the Trustee's efforts in relation to the sale of the Business Assets. The requested total expenses of $61,217.75 are unreasonable, were unnecessary at the time and cannot be justified when the sale amount offered by TSDC is only $45,000.00 and the Trustee is only holding an

additional $8,028.50 of estate income for a grand total of $53,028.50 ("Grand Total").  It should also be noted that the current requested fees represent just a portion of what will eventually be attempted to be billed to both estates.  The Trustee has administered the Business Assets for over two years and we have not seen any accounting for most of that time.  In addition to amounts already expended, there will certainly be additional legal and accounting fees billed if the Business Assets are actually allowed to be sold.  Nevertheless, based solely on the fees which are the subject of the Trustee's Motion, the Business Assets would have to garner more than $100,975.75 to pay Gloria's tools of the trade exemption ($8,000), Ann's claimed exemptions ($8,000 + $23,758 = $31,758), and the Trustee's requested administrative expenses of $61,217.75 before the creditor of either estate would see any distribution. Even if the court finds against Ann in the dispute regarding the $8,000.00 tools of the trade exemption, the Business Assets would have to be sold for more than $92,975.75 to have any creditors receive a distribution.

The requested fees were unnecessary because it was made clear to the Trustee almost two years ago, on November 30, 2017, in an email to Trustee's counsel that the only entity that would ever buy the Business Assets would be TSDC and that the business had little or no value to anyone else (see previously referenced Exhibit E).  A proper cost benefit analysis at that time should have resulted in the filing of a Chapter 7 Trustee's Report of No Distribution and the subsequent closure of the case.

It is curious why the Trustee continues to incur fees knowing that there will never be enough proceeds to pay them.  The Trustee has done nothing to preserve or increase the value of the Business Assets during the course of this case.  In fact, the value of the Business Asset has declined during the pendency of this case.  Furthermore, what is the motivation for continuing to litigate when it was clear years ago that there would not be any significant funds realized from the sale of the Business Assets? The only reasonable answer is that at some point the Trustee believed the Business Assets had value

separate and apart from the Debtors' exemptions.  If so, why did the Trustee believe that?  Could it be that the eventual purchaser of the Business Assets, TSDC, convinced the Trustee that there was significant value to the Business Assets, only to eventually low ball the offer?

When the Trustee originally informed Debtors' counsel of the fact that they were seeking to sell the Business Assets for $15,000, under the incorrect assumption that the Settlement Agreement between Debtors and TSDC constituted some sort of acquiescence on the part of the Debtors that all the designs included in the Business Assets were included in the settlement, Debtors' counsel reminded the Trustee that the settlement only involved "Fight Like a Girl" assets, and that the Debtors claimed exemptions in excess of the amounts of the sale price offered by TSDC.  As a result of Debtors' counsel's reminder, the Trustee approached TSDC and requested a higher bid.  The Trustee, then, received a higher bid of $30,000 which was eventually raised to $45,000 when Debtors' counsel informed Trustee's counsel that $30,000 was still not enough to cover the exemptions.  When informed that even $45,000 would not result in enough funds to pay Gloria's estate its 50% and Ann's claimed exemptions, The Trustee filed a barrage of motions against the Debtors rather than seeking a higher bid from TSDC.

The Trustee's appears to be justifying its case administration strategy based on the fact that Gloria agreed, through her settlement with TSDC, to pay 100% to her general unsecured creditors.  Her agreement with TSDC was based on the claims filed in her case at the time.  These additional actions are a deliberate effort on behalf of the Trustee to force the Debtor, and her counsel, to expend significant time and resources defending them knowing that not one penny will ever be distributed to the creditors of Ann's estate, and that it will jeopardize the feasibility of Gloria's Chapter 13 case.  Simply put, it appears as if the Trustee, and his counsel, are churning fees. *In re Gill*, 574 B.R. 703, 714 (9th Cir. BAP 2017).

The Trustee continues to insist throughout the many motions filed, that Gloria gave up her interest in the Business Assets to Ann but that is not the case.  While this does not appear to be directly in front of the court in this matter Gloria feels this should be addressed.

The Trustee states that it was clear from the transcripts of the 341(a) hearings that Gloria transferred all of the income stream from the business to Ann.  However, that is not at all clear.  In fact, what is clear from reading both transcripts attached to the Trustee's Motion is that both Gloria and Ann did not understand what they were being asked at the 341(a) hearing by the Trustee and by counsel for TSDC.  Gloria testified that she only turned over the day to day management of the Business Assets because she was too busy at her permanent place of employment.    It is also clear that they had trusted and followed the advice of Prior Counsel, who clearly had provided ineffective representation.  Had the Trustee truly believed the sisters were acting in bad faith he would not have entered into the stipulation with Ann not to pursue 11 U.S.C. Section 523 or Section 727 actions against her.  It is only now that the Debtors have opposed the proposed sale of the Business Assets with no distribution to Gloria and below the amount of Ann's combined exemptions that the Trustee raises the issues of bad faith.

This Motion is a blatant attempt on the part of the Trustee to harass the debtors into raising the white flag and surrendering their interest in the Business Assets.  After multiple Section 341(a) Hearings and a stipulation with Ann to not pursue 11 U.S.C. Section 727 actions, the Trustee continues to accuse the Debtors of multiple bad acts causing the Debtors significant emotional distress.

## CONCLUSION

The Galvans' business was developed after Ann was diagnosed with Cancer.  It sustained her financially and both sisters emotionally through those hard times.  The sisters created this business out of the pain and hardship they endured after Ann's Cancer diagnosis.  The Trustee was informed almost two years ago that the Business Assets were not going to be purchased by any entity other than TSDC.

TSDC convinced the Trustee that the Business Assets had value and then came in when no one else would and offered significantly less to purchase them. The creditors of Ann's estate will not see any funds from the sale of the Business Assets nor will Gloria's creditors receive any additional funds. The work done by the Trustee, and his counsel, will only benefit the Trustee and his counsel. It would be against the principals of equity, and 11 U.S.C. §330, to allow a Trustee to profit, in a case that results in no benefit to the estate and only serves to line the pockets of the trustee and his counsel. Accordingly, the Trustee's Motion should be denied.

WHEREFORE, Debtor prays for the following:

1.    That the Trustee's Motion for Allowance of Administrative Expense Request be denied;

2.    For such other relief as this Court deems appropriate.

Dated: October 10, 2019                                    **BY: BOROWITZ & CLARK, LLP**

M. Erik Clark
Attorney for Debtor

## DECLARATION OF GLORIA ELISA GALVAN

I, Gloria Elisa Galvan, hereby declare as follows:

1. That I have personal knowledge of the facts set forth below and if called upon to testify, I could and would competently testify thereto;

2. That I filed a chapter 7 bankruptcy on November 7, 2016 (2:16-bk-24755-NB);

3. That I filed a Chapter 7 bankruptcy on November 7, 2016 (Case Number: 2:16-bk-24755-NB). The Chapter 7 was converted to Chapter 13 on January 26, 2017 by stipulation with the United States Trustee (see attached as Exhibit A, a true and correct copy of the Stipulation for Voluntary Conversion of Underlying Case to Chapter 13 entered into by Kelly L. Morrison, Trial Attorney for the U.S. Trustee, and Dheeraj K. Singhal, Gloria's prior counsel on January 9, 2017);

4. That my sister, Antoinette Elisa Galvan ("Ann"), filed a related Chapter 7 on November 7, 2016, (Case Number: 2:16-bk-24753-NB);

5. That Ann and I were previously represented by the Law Offices of Dheeraj Singhal ("Prior Counsel");

6. That after attending several Section 341(a) hearings and after conversations with Mr. Singhal regarding the fact that he incorrectly advised we sought legal representation elsewhere;

7. That on April 24, 2017, I caused to be filed a substitution of attorney, substituting, M. Erik Clark into my Chapter 13 case (see attached as Exhibit B, a true and correct copy of the Substitution of Attorney filed on April 24, 2017)l

8. That the Section 341(a) Hearings having been concluded and all objections to confirmation having been resolved, on August 25, 2017, my Plan was confirmed at $300 for months 1-6, $651 for months 7-44, $1,577 for months 45-60, providing 13% to the general unsecured creditors (see attached as Exhibit C, a true and correct copy of the Order Confirming Chapter 13 Plan entered on August 25, 2017);

9. That no party objected to my claim of exemptions;

10. That prior to filing bankruptcy, Ann and I were equal partners in Hope Inspired Creations, LLC (HIC). We started the business after Ann was diagnosed with cancer;

11. That based on the advice of Prior Counsel, we dissolved HIC shortly before filing both of our respective cases. This business and its assets ("Asset") are the subject of the Motion for Order: (A) Authorizing Private Sale of Intellectual Property Assets Outside the Ordinary Course of Business Free and Clear of All Claims, Liens, Encumbrances, and Interests; (B) for Determination of Good Faith Purchaser Under Section 363(m); (C) Approving Assignment of Intellectual Property; and (D) Waiving Fourteen Day Stay Under Rule 6004(h) ("Motion to Sell"), filed by the Chapter 7 Trustee, Peter J. Mastan ("Trustee") on July 30, 2019, in which the Trustee is attempting to sell the Asset at issue for $45,000.00 (Docket Number 191);

12. That Ann and I entered into a Settlement Agreement based on a mediation which was order by this court due to a Motion to Disallow the Claim of TSDC (see attached as Exhibit D, a true and correct copy of the Order on Amended Motion for Order Approving Settlement Agreement entered on September 19, 2019);

13. That the settlement between TSDC and us would require that I pay 100% to my general unsecured creditors. The Settlement Agreement also required TSDC reduce its proof of claim from the challenged $255,510.35 to $30,000.00 in order to achieve this end. An administrative claim by the Trustee in the amount of $30,944.50, in addition to being unreasonable, and of no value to the estate, would cause my plan to become woefully infeasible;

14. That I filed my case in good faith.

I, Gloria Elisa Galvan, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at _West Covina_____, California.

Date: _10/10/2019_____

_____
Gloria Elisa Galvan
Debtor

## DECLARATION OF ANTOINETTE ELISA GALVAN

I, Antoinette Elisa Galvan, hereby declare as follows:

1.  As to the following facts, I know them to be true and of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto;

2.  That I caused to be filed a Chapter 7 bankruptcy on November 7, 2016 (Case Number: 2:16-bk-24753-NB);

3.  That my sister, Gloria Elisa Galvan ("Sister") (collectively, "the Galvans"), filed a related Chapter 7 on November 7, 2016 (Case Number: 2:16-bk-24755-NB) that was converted to Chapter 13 on January 26, 2017;

4.  That the Trustee wishes to sell a business my twin sister and I own called Hope Inspired Creations, LLC;

5.  That my sister and I started this business after I was diagnosed with cancer;

6.  That I have poured my heart and soul into this business;

7.  That I have claimed an exemption in my case under California's Code of Civil Procedure 703.14(b)(5) for Hope Inspired Creations;

8.  That I have also claimed an exemption in my case under California's Code of Civil Procedure 703.140(b)(6);

9.  That the Chapter 7 Trustee, Peter Mastan, filed a Motion for Disallowance of the Tools of the Trade Exemption on September 26, 2019.

I, Antoinette Elisa Galvan, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at ___West Covina___, California.

Date: __10/10/2019__

_____
Antoinette Elisa Galvan
Debtor's Sister

### DECLARATION OF M. ERIK CLARK

I, M. Erik Clark, hereby declare as follows:

1. As to the following facts, I know them to be true and of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto;

2. That I am a named Partner at Borowitz & Clark, LLP;

3. That I am the attorney of record for Gloria Galvan;

4. That on November 30, 2017, in an email to Trustee's counsel I indicated that due to the lax management of the Asset, it had likely lost its value so as to leave TSDC as the only entity who would be interested in buying the Asset (see attached as Exhibit E, a true and correct copy of the November 30, 2017 email sent to Trustee's counsel Peter Bowie and Chris Celentino).

I, M. Erik Clark, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at _West Covina_, California.

Date: _10/10/19_

_____
M. Erik Clark
Attorney for Debtor

# EXHIBIT A

13

1    PETER C. ANDERSON
2    UNITED STATES TRUSTEE
     JILL M. STURTEVANT (State Bar No. 089395)
3    ASSISTANT UNITED STATES TRUSTEE
     KELLY L. MORRISON (State Bar No. 216155)
4    TRIAL ATTORNEY
     OFFICE OF THE UNITED STATES TRUSTEE
5    915 Wilshire Blvd., Ste. 1850
6    Los Angeles, California 90017
     Telephone No. (213) 894-2656
7    Facsimile No. (213) 894-2603
     *Kelly.L.Morrison@usdoj.gov*
8

9                    **UNITED STATES BANKRUPTCY COURT**

10                **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11                          **LOS ANGELES DIVISION**

12   In re                                    )   Case Number 2:16-bk-24755 BB
                                              )
13                                            )   Chapter 7
                                              )
14   GLORIA ELISA GALVAN,                     )
                                              )   **STIPULATION FOR VOLUNTARY**
15                                            )   **CONVERSION OF UNDERLYING CASE**
                                              )   **TO CHAPTER 13**
16                                            )
                                              )
17                   Debtor.                  )   [No Hearing Requested Or Required]
                                              )
18                                            )
                                              )
19   _____      )

20         **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

21   **JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, DEBTOR'S**

22   **ATTORNEY, CREDITOR AND ALL PARTIES IN INTEREST:**

23         This Stipulation for Voluntary Conversion of Underlying Case to Chapter 13

24   ("Stipulation for Conversion"), by and between the Debtor GLORIA ELISA GALVAN

25   ("Debtor"), and the United States Trustee ("U.S. Trustee"), by and through his respective

26   counsel of record, with reference to the following facts:

27   ///

28   ///

                                              1

EX A pg 1 of 6

**RECITALS**

A.     This bankruptcy case was commenced on November 7, 2106, with the filing of an individual, voluntary chapter 7 petition.

B.     At all times herein, the Debtor has been represented by Dheeraj K. Singhal of DCDM Law Group ("Debtor's Counsel").

C.     After a detailed review and analysis of Debtor's bankruptcy petition, schedules and statements, including her B22A Statement of Current Monthly Income and Means Test Calculation, and based upon the results thereof, the U.S. Trustee timely filed a Statement of Presumed Abuse, as required in §704(b)(1)(A), on December 29, 2016, indicating that this case is presumed to be an abuse under § 707(b) of the Bankruptcy Code.

D.     During the interim period, after due consideration of the relevant issues between the parties, to obviate the need for further and formal litigation, including a Motion to Dismiss the Debtor's case, the Debtor has agreed to immediately and voluntarily convert this case to one proceeding under Chapter 13, as detailed below.

**ACCORDINGLY, IT IS HEREBY STIPULATED THAT:**

1.     The above recitals are incorporated herein by this reference.

2.     Upon entry of an Order approving this Stipulation, this instant case shall be converted from Chapter 7 to Chapter 13, bearing the same case number;

3.     Effecting the Debtor's voluntary conversion of the underlying case to Chapter 13 pursuant to § 707(b)(1), the U.S. Trustee has no objection to case conversion in lieu of any requested dismissal under 11 U.S.C. §§ 707(b)(2) and/or 707(b)(3) while said case remains a Chapter 13 proceeding.  However, it is expressly acknowledged and stipulated hereto by the Debtor, and ordered by the Court, that any and all filing deadlines applicable to the United States Trustee which are related to a motion to dismiss under 11 U.S.C. §§ 707(b)(2) and/or 707(b)(3) or a complaint to deny Debtor's discharge under 11 U.S.C. § 727, shall be tolled for the duration of the Debtor's Chapter 13 case until the entry of a Chapter 13 discharge order; and

4.     The proposed order approving said stipulation will be lodged with the Court via the L.O.U. system.

2



EX A pg 2 of 6

15

| | |
|---|---|
| 1 | |
| 2 | IT IS SO STIPULATED AND AGREED: |
| 3 | DATED:        January 19, 2017 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | DATED: _____ |
| 9 | |
| 10 | |
| 11 | |
| 12 | |

DATED:        January 19, 2017                    PETER C. ANDERSON
                                                  UNITED STATES TRUSTEE

                                          By: _____
                                                  KELLY L. MORRISON
                                                  Trial Attorney

DATED: _____                        DCDM LAW GROUP


                                          By: _____
                                                  DHEERAJ K. SINGHAL
                                                  Debtor's Counsel

3

EX A pg 3 of 4

14

1

2          IT IS SO STIPULATED AND AGREED:

3    DATED:        January 19, 2017            PETER C. ANDERSON
                                              UNITED STATES TRUSTEE
4

5                                             By:_____
                                                    KELLY L. MORRISON
6                                                   Trial Attorney

7    DATED: _Jan 20, 2017_                    DCDM LAW GROUP

8

9

10                                            By:_____
                                                   DHEERAJ K. SINGHAL
11                                                 Debtor's Counsel

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17    EX A pg 4 of 6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017-1574**

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION FOR VOLUNTARY CONVERSION OF UNDERLYING CASE TO CHAPTER 13** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **January 20, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:  On    **January 20, 2017**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on    **January 20, 2017**   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 20, 2017 | Stephanie Hill | *Stephanie Hill* |
|---|---|---|
| Date | Print Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

18

EX A pg 5 of 6

### ADDITIONAL SERVICE INFORMATION

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

   Lynn Brown, creditor's counsel, notices@becket-lee.com
   Peter J Mastan (TR), chapter 7 trustee, pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com
   James R Selth, creditor's counsel, jim@wsrlaw.net, jselth@yahoo.com;melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
   Dheeraj K Singhal, debtor's counsel, dksinghal@dcdmlawgroup.com, dcdm@ecf.courtdrive.com
   Edward A Treder, creditor's counsel, cdcaecf@bdfgroup.com
   United States Trustee (LA), UST, ustpregion16.la.ecf@usdoj.gov

   *SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**

   **Debtor**
   Gloria Elisa Galvan
   536 N Cabernet Dr
   Covina, CA 91723

3. **SERVED BY FEDERAL EXPRESS OVERNIGHT MAIL** (Pursuant to the UST's agreement with the Bankruptcy Judge's Courtesy Copy was mailed Federal Express overnight mail to the following address.)

   Judge's Copy
   Honorable Sheri Bluebond
   U.S. Bankruptcy Court
   255 E. Temple Street, Room 940
   Los Angeles, CA  90012
   Attn: Mail Room Clerk-Judges Copies

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT B

Case 2:16-bk-24755-NB    Doc 51    Filed 04/24/17    Entered 04/24/17 18:25:26    Desc
Main Document    Page 1 of 7

| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **M. Erik Clark**<br>**100 N. Barranca Street, Suite 250**<br>**West Covina, CA 91791-1600**<br>**(626) 332-8600 Fax: (626) 332-8644**<br>**188693**<br>**ecf@blclaw.com** | |
| *Attorney for:*    *Debtor* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Gloria Elisa Galvan**<br><br><br><br><br>                                        Debtor(s).<br><br><br>                                        Plaintiff(s),<br><br>              vs.<br><br><br>                                        Defendant(s). | CASE NO.:**2:16-bk-24755-NB**<br><br>ADVERSARY NO:<br>*(if applicable)*<br><br>CHAPTER: 13<br><br><br><br><br>**SUBSTITUTION OF ATTORNEY**<br><br>**[LBR 2091-1(b)]** |

1.    The name(s) of the party(ies) making this Substitution of Attorney *(specify)*:**Gloria Elisa Galvan**

2.    The name, address, telephone number, and email address of the new attorney are *(specify)*: **M. Erik Clark**
**100 N. Barranca Street, Suite 250, West Covina, CA 91791-1600, (626) 332-8600 Fax: (626) 332-8644, email ecf@blclaw.com**

3.    New attorney hereby appears in the following matters: ☑ the bankruptcy case ☐ the adversary proceeding

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2014*                                        Page 1                                        **F 2091-1.SUBSTITUTION.ATTY**

21        EX B pg 1 of 7

From: Receptionist DCDM LFax: (626) 689-2205    Fax:    Page 3 of 3  04/24/2017 4:41 PM

4.    The new attorney is substituted as attorney of record in place instead of the present attorney. (*Specify name of present attorney*):


Date:    April 24, 2017


Signature of party
    Gloria Elisa Galvan

Printed name of party


Signature of *third* party (if applicable)


Printed name of *third* party (if applicable)


Signature of *second* party (if applicable)


Printed name of *second* party (if applicable)


Signature of *fourth* party (if applicable)


Printed name of *fourth* party (if applicable)


I consent to the above substitution.
Date:    April 24, 2017


Signature of present attorney
    Dheeraj Singhal

Printed name of present attorney


I am duly admitted to practice in this district. The above substitution is accepted.

Date:    April 24, 2017


Signature of new attorney
    M. Erik Clark

Printed name of new attorney


## IMPORTANT NOTICE

Filing of this Substitution of Attorney form does not replace the need to be employed pursuant to the Bankruptcy Code. See LBR 2014-1 regarding the requirements and procedures for making an application to employ an attorney.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

22    EX B pg 2 of 7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

100 N. Barranca Street, Suite 250
West Covina, CA 91791

A true and correct copy of the foregoing document entitled (*specify*): **SUBSTITUTION of ATTORNEY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _April 24, 2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| Kathy Dockery<br>Chapter 13 Trustee<br>700 South Flower Street, Suite 1950<br>Los Angeles, CA 90017 | Honorable Neil Bason<br>U.S. Bankruptcy Court<br>255 East Temple Street, Suite 1552<br>Los Angeles, CA 90012 | Gloria Galvan<br>536 North Cabernet Road<br>Covina, CA 91723 |
|---|---|---|

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | M. Erik Clark 188693 | |
|---|---|---|
| | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

23        EX B pg 3 of 7

| Christopher Celestino<br>Attorney for Trustee Mastan<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101 | Peter Bowie<br>Attorney for Trustee Mastan<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101 | |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

24    EX B pg 4 of 7

Label Matrix for local noticing
0973-2
Case 2:16-bk-24755-NB
Central District of California
Los Angeles
Mon Apr 24 16:57:43 PDT 2017

ECAST Settlement Corporation
PO Box 35480
Newark, NJ 07193-5480

TSDC, LLC
27045 Ranney Parkway
Unit 0
Westlake, OH 44145

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

American Express
P.O. Box 981540
El Paso, TX 79998-1540

American Express
Po Box 297871
Fort Lauderdale, FL 33329-7871

American Express Centurion Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

American Honda Financial Services
Lockbox #7829
2080 Cabot Blvd. West
Langhorne, PA 19047-1813

Amex
Correspondence
Po Box 981540
El Paso, TX 79998-1540

Antoinette Galvan
536 N CABERNET DR
Covina, CA 91723-1563

Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27420-6012

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019

Bank of America Corporate Account
PO BOX 982238
EL PASO, TX 79998-2238

Chase Bank
P.O. Box 15298
Wilmington, DE 19850-5298

Chase Bank Usa, Na
Po Box 15298
Wilmington, DE 19850-5298

Comenity Capital - Virgin America
3100 Easton Square Pl
Columbus, OH 43219-6232

Comenity Capital Bank/Paypal Credit
c/o Weinstein & Riley, PS
2001 Western Ave., Ste 400
Seattle, WA 98121-3132

Comenitycapital/virgan
Comenity Bank
Po Box 182125
Columbus, OH 43218-2125

(p)DELL FINANCIAL SERVICES
P O BOX 81577
AUSTIN TX 78708-1577

Dheeraj K. Singhal
DCDM Law Group, PC
35 N. Lake Avenue, Suite 280
Pasadena, CA 91101-1890

Discover Student Loans
PO Box 6107
Carol Stream, CA 60197-6107

Ditech Financial LLC
PO Box 6176
Rapid City, SD 57709-6176

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
P.O. Box 942867
Sacramento, CA 94286-0001

Gloria Elisa Galvan
536 N Cabernet Dr
Covina, CA 91723-1563

HPdirect.com
P.O. Box 105658
Atlanta, GA 30348-5658

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Nationstar Mortgage
1010 W. Mockingbird, Suite 100
Dallas, TX 75247-5126

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

PayPal Working Capital
215 South State Street, Suite 1000
Salt Lake City, CA 84111-2336

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA  98083-0788

Sandra Ellis
28045 Ranney Pkwy, Unit O
Westlake, OH 44145-1144

Staples
PO Box 790439
St. Louis, MO 63179-0439

TSDC, LLC
28045 Ranney Pkwy, Unit O
Westlake, OH 44145-1144

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Vanguard
P.O. Box 1110
Valley Forge, PA 19482-1110

Wells Fargo Bank
420 Montgomery St
San Francisco, CA 94104-1298

Wells Fargo Bank
Mac F82535-02f
Po Box 10438
DesMoines, IA 50306-0438

Wells Fargo Bank
Po Box 14517
Des Moines, IA 50306-3517

Wells Fargo Bank
Po Box 94435
Albuquerque, NM 87199-4435

Wells Fargo Bank, N.A.
PO Box 10438
Des Moines, IA   50306-0438

Wells Fargo Bank/Dillards
Po Box 14517
Des Moines, IA 50306-3517

Wells Fargo Bank/Dillards
Wells Fargo Bank, NA
Po Box10347
Des Moines, IA 50306-0347

Dheeraj K Singhal
DCDM Law Group
35 N. Lake Avenue
Suite 280
Pasadena, CA 91101-1890

Kathy A Dockery (TR)
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017-4212


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Acura Financial Services
PO Box 168088
Irving TX 75016-8088

Bank Of America
Po Box 982238
El Paso, TX 79998

Dell Financial Services
PO Box 81577
Austin, TX 78708-1577

(d)Dell Financial Services, LLC
Resurgent Capital Services
PO Box 10390
Greenville, SC 29603-0390

Internal Revenue Service
P.O. Box 7704
San Francisco, CA 94120-7704


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(d)eCast Settlement Corporation
PO Box 35480
Newark, NJ 07193-5480

(d)Gloria Elisa Galvan
536 N Cabernet Dr
Covina, CA 91723-1563

End of Label Matrix
Mailable recipients    46
Bypassed recipients     3
Total                  49

27          EX b pg 7 of 7

# EXHIBIT C

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **KATHY A. DOCKERY**<br>**CHAPTER 13 TRUSTEE**<br>**801 S. FIGUEROA ST., SUITE 1850**<br>**LOS ANGELES, CA 90017**<br>**PHONE: (213) 996-4400**<br>**FAX: (213) 996-4426**<br><br><br><br>*Chapter 13 Trustee* | **FILED & ENTERED**<br><br>**AUG 25 2017**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY vandenst DEPUTY CLERK |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re:  **GLORIA ELISA GALVAN** | CASE NO.:**LA16-24755-NB** |
|---|---|
| | CHAPTER: 13 |
| | **ORDER CONFIRMING**<br>**CHAPTER 13 PLAN** |
| Debtor(s). | DATE: 8/17/17<br>TIME:  9:30 am<br>COURTROOM: 1545 15TH FLOOR<br>PLACE:  Roybal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

The Chapter 13 Plan or last amended plan, if any (the "Plan") of Debtor's, was filed on  June 19, 2017

The Plan was served on the creditors pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure.  The debtor(s) appeared and was/were examined at a meeting conducted pursuant to 11 U.S.C. § 341(a).  The court finding that the Plan meets the requirements of 11 U.S.C. §1325, IT IS ORDERED AS FOLLOWS:

The Plan is hereby confirmed, with the following provisions:

1.    Plan payments:

    a.    ☐   The amount of each monthly plan payment is $_____.   The due date is ____ day of each month for _____ months.   The Plan provides for the payment of ____% of allowed claims for general unsecured creditors.

    b.    ■   The amount of each monthly plan payment is $300.00 for months (1-6).   For months (7-44), the monthly plan payment is $651.00.   For months (45-60), the monthly plan payment is $1,577.00.   The due date is the 25th day of each month for 60 months. The Plan provides for the payment of 13.00% of allowed claims for general unsecured creditors.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

April 2010

**F 3015-1.21.ORDER**

29        EX C pg 1 of 6

| | |
|---|---|
| In re:  **GLORIA ELISA GALVAN**<br><br>Debtor(s). | CHAPTER:  13<br><br>CASE NUMBER:  **LA16-24755-NB** |

2.   Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to post-petition defaults by the debtor(s).

3.   Other provisions:

   a.   ■   This is a base plan with the debtor(s) paying at least $51,770.00 of disposable income into the Plan.  The Debtor shall submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%.  The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the Debtor or the claims have been paid in full without further notice or order from the court.

   b.   ■   The Trustee is authorized to make payment to holders of secured claims based on the Plan.  However, a filed claim will control the amount owed the creditor, unless an objection is filed, whether that amount is more or less than the amount provided by the Plan.

   c.   ■   Counsel for Debtor is awarded fees of $6,000.00; having previously received $0.00, counsel is entitled to payment of $6,000.00 from the estate.

   d.   ■   See attachment for additional provisions incorporated in this Order.

   e.   ☐   Interlineations:

###

Date: August 25, 2017

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

30          EX C pg 2 of 6

| In re: **GLORIA ELISA GALVAN** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA16-24755-NB** |

## ATTACHMENT FOR ORDER CONFIRMING CHAPTER 13 PLAN

1. The Debtor is required to pay the full base plan amount prior to discharge of the case. Any tax refunds submitted to the trustee will not reduce the base plan amount.

2. If the Debtor has elected to pay the plan payment via electronic transmission and has possession and control of a bank account, the plan payment shall be electronically deducted from said account. Unless otherwise ordered by the court, any plan payments deducted from a bank account shall be property of the bankruptcy estate upon electronic transmission of the plan payment and the plan payment shall not be subject to refund, cancellation and/or transfer to the Debtor, which includes but is not limited to any rights for refund, cancellation and/or transfer to the Debtor arising under state law. Should the Trustee incur any additional fees, penalties or expenses due to insufficient funds in the Debtor's bank account, the Trustee is authorized to deduct said fees, penalties or expenses from any future plan payments submitted to the Trustee or from the current balance on hand, if any exists, as a priority administrative expense under 11 U.S.C Section 508(a)(2).

3. The Base Plan Amount may be modified under the following circumstances:

    a) If the plan provides for payment of all allowed secured claims, priority claims and 100% of the non-priority unsecured claims, the plan may be deemed paid in full prior to payment of the entire Base Plan Amount;
    b) Refinance or sale of property of the estate within the applicable commitment period of the Plan, if the plan provides for payment of all allowed secured claims, priority claims and 100% of the non-priority unsecured claims;
    c) Any income increase. An income increase includes, but is not limited to, any earning increases after the plan is confirmed, lottery winnings and/or an inheritance;
    d) Modification of the plan.

4. The percentage to the allowed non-priority unsecured creditors at the time of confirmation is 13.00%. This percentage may be modified if the allowed claims filed by the non-priority unsecured creditors is less than the amount provided for them in the plan and the plan pays less than 100% to allowed non-priority unsecured claims. The Trustee shall disburse said amount in payment of allowed unsecured claims up to payment of 100% thereof. No further notice or hearing is required for the Trustee to adjust the percentage to be paid to allowed non-priority unsecured claims.

5. If the plan is rendered infeasible due to the occurrence of some event which includes but is not limited to the filing of a creditor's claim, the granting of a supplemental fee application or the granting of a detailed fee application, the Trustee shall extend the plan term to the extent necessary to render the plan feasible but in no event shall such extension exceed sixty (60) months. If such extension is required, the Trustee shall file a motion to modify the plan term. If the plan remains infeasible even with a plan term extension to sixty (60) months, the Trustee shall notify the Debtor and the Debtor's attorney, if applicable, of the continued infeasibility of the plan.

6. The court retains jurisdiction to hear the Trustee's motion to compel the Debtor to pay all projected disposable income for the applicable commitment period.

7. Each year a case is pending after confirmation of the plan, the Debtor shall provide to the Trustee:
    (1) a copy of the Debtor's federal income tax return and copies of forms W-2 and/or 1099 to the Chapter 13 Trustee all within 10 days after the income tax return is filed with the Internal Revenue Service,
    (2) any request for extension of the deadline for filing the federal income tax return with 10 days after request for extention is filed with the Internal Revenue Service.

8. If the Debtor's attorney has not yet submitted to the Trustee an application for fees, no funds will be paid (or set aside for such purpose) until the Trustee receives an entered order approving such fees. Disbursements to other creditors will commence immediately. However, if the Debtor's attorney has filed a Rights and Responsibilities Agreement, the order confirming the plan shall also act as the order approving attorney's fees as disclosed in the amount of $6,000.00. If a Detailed Fee Application has been approved by the court, the attorney shall be awarded fees as set forth in the Detailed Fee Application and the Chapter 13 plan which are incorporated herein by reference. Any fee for the Debtor's attorney of record which is to be paid in Class 1 of the confirmed plan shall be interlineated to reflect the amount which should be paid post-petition pursuant to the filed Rights and Responsibilities Agreement (RARA), the Disclosure of Compensation of Attorney for the

3

31        EX  C pg 3 of 6

Case 2:16-bk-24755-NB    Doc 93    Filed 08/25/17    Entered 08/25/17 14:59:51    Desc
Main Document    Page 4 of 6

| In re: **GLORIA ELISA GALVAN** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA16-24755-NB** |

Debtor and Paragraph Number 9 of the Statement of Financial Affairs. If there is any discrepancy in the amount to be paid post-petition for the attorney of record's fee, the Trustee is authorized to interlineate the confirmed plan to show the amount which appears to be the most reasonable and accurate based on the Trustee's review of all relevant documents filed with the court. Notwithstanding any amount set forth in the Rights and Responsibilities Agreement, the aggregate fee paid pre-petition and to be paid pursuant to the confirmed plan shall not exceed $5,000.00 for a debtor engaged in a business and $4,000.00 for all other cases. The attorney of record shall have a reasonable opportunity to clarify the fee discrepancy when the Trustee issues her Notice of Intent to Pay Claims and/or Status Report.

9. Unless otherwise ordered, the Debtor shall pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities.

10.      A payroll deduction order may be issued when the Debtor is delinquent by one plan payment. No further declaration or order is required. If the Trustee issues a payroll deduction order to the debtor's(s') employer(s) and the amount set forth in the payroll deduction order is insufficient to pay the total amount of each plan payment as it comes due during the plan term, the debtor(s) shall pay any shortfall to the Trustee's payment address on a timely basis.

11. If the Debtor's plan provides less than a 100% dividend to class five creditors, the Debtor shall turn over all federal income tax refunds to the Trustee for the term of the plan.

12.      If the Debtor is self-employed the Debtor shall provide financial statements, including but not limited to bank statements, profit and loss statements, a balance sheet, and a cash flow statement for every six (6) months of the plan term.

13.      Prior to any discharge, conversion or dismissal of the case, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

14.      Each year during the pendency of the plan, the Debtor shall provide to the Trustee at least 45 days prior to the anniversary date of the entry of the order confirming the plan, a statement, under penalty of perjury, of the income and expenditures of the Debtor for the tax year most recently concluded and of the monthly income of the Debtor that shows how income, expenditures and monthly income are calculated.

The statement shall disclose:

- the amount and sources of the income of the Debtor;
- the identity of any person responsible with the Debtor for the support of any dependent of the Debtor; and
- the identity of any person who contributed and the amount contributed to the household in which the Debtor resides.

15.      Before the due date of the last plan payment of the plan or any subsequently modified plan, the Debtor shall complete a personal financial management course from a provider approved by the Office of the United States Trustee.

16.      If during the pendency of the plan, the Debtor becomes obligated to pay a domestic support claim, he or she shall provide the following information to the Trustee:

- name, address and telephone number of any domestic support claimant;
- name, address and telephone number of the State child support enforcement agency of such claim.

17.      If during the pendency of the plan, the Debtor(s) become involved with any proceeding where the Debtor(s) may be convicted of a felony as forth under 11 U.S.C. §522(q)(1)(A) or the Debtor(s) are involved with any proceeding where the Debtor(s) may be found liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B), the Debtor(s) shall immediately notify the Trustee in writing of the nature and status of the proceeding.

18. If the Debtor and mortgage lender enter into a valid and binding agreement whereby the terms of a mortgage loan are modified, the Debtor shall, within 30 days of approval of the loan modification, produce a copy of the executed loan modification agreement to the chapter 13 Trustee, file an amended Schedule J to show the modified mortgage payment expense, and provide written notice to the chapter 13 Trustee of the foregoing.

19. If the Debtor recapitalizes the arrearage owed to a creditor whose claim arises from a security interest in real property or

32        EX C pg 4 of 4

| In re: **GLORIA ELISA GALVAN** | CHAPTER: 13 |
|---|---|
| Debtor(s) | CASE NUMBER: **LA16-24755-NB** |

otherwise causes the arrearage owed to a creditor whose claim arises from a security interest in real property to be incorporated into the principal balance or recharacterized as interest, fees, or any future liability through modification of the existing loan agreement, the Trustee shall be entitled to her statutory fee for the arrearage notwithstanding the filing of an amended claim or modification of the plan by any party in interest which eliminates the arrearage by virtue of said loan modification.

20. If the confirmed plan provides that a security interest in real property secured by a deed of trust or otherwise is to be avoided pursuant to 11 U.S.C. 506 and no motion or adversary proceeding has been filed, the chapter 13 trustee is authorized to disburse funds to the secured creditor subject to the 11 U.S.C. 506 action until such time as a motion or adversary proceeding to avoid the lien is filed.

21. If the confirmed plan provides that a security interest in real property secured by a deed of trust or otherwise is to be avoided pursuant to 11 U.S.C. 506 and a motion or adversary proceeding has been filed but no order or judgment has been entered within thirty days of the court's ruling on the motion or court's judgment in the adversary proceeding, the chapter 13 trustee is authorized to disburse funds to the secured creditor who has filed the allowed claim until such time as an order or judgment has been entered.

22. All interest rates set forth in the confirmed plan or the order confirming the plan shall be calculated by utilizing a simple interest rate calculation.

23. The Chapter 13 Trustee's Fee - the Trustee's administrative fee shall be paid at the time of receipt of the plan payment or other property of the estate.

24. Any property refunded to the Trustee from creditors of the estate who hold an allowed claim or from a creditor and its assignees, beneficiaries or any other holder of a legal or equitable interest in a debt to whom the debtor has been designated as the disbursing agent for any post petition payments that are required to be made under an underlying promissory note shall be property of the bankruptcy estate and disbursed to creditors of the bankruptcy estate in the Trustee's ordinary course of business and pursuant to the terms of the confirmed plan and the order confirming the plan.

25. The Order Confirming Plan shall not have the effect of claim or issue preclusion to prevent further action to determine the nature and extent of the rights of TSDC LLC or any of its assignees. The Trustee is authorized to disburse payments to TSDC in the routine course of business and is authorized to treat the claim of TSDC as an allowed, non-priority unsecured claim. The Trustee will reserve disbursements on such claim in the event a contested matter (by motion or adversary proceeding) is initiated by the debtor or other party in interest or as otherwise instructed by Court Order.

33    EX C pg 5 of 6

Case 2:16-bk-24755-NB    Doc 93    Filed 08/25/17    Entered 08/25/17 14:59:51    Desc
Main Document    Page 6 of 6

| In re: **GLORIA ELISA GALVAN** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA16-24755-NB** |

| PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 2/25/17 | $300.00 | 21 | 10/25/18 | $651.00 | 41 | 6/25/20 | $651.00 |
| 2 | 3/25/17 | $300.00 | 22 | 11/25/18 | $651.00 | 42 | 7/25/20 | $651.00 |
| 3 | 4/25/17 | $300.00 | 23 | 12/25/18 | $651.00 | 43 | 8/25/20 | $651.00 |
| 4 | 5/25/17 | $300.00 | 24 | 1/25/19 | $651.00 | 44 | 9/25/20 | $651.00 |
| 5 | 6/25/17 | $300.00 | 25 | 2/25/19 | $651.00 | 45 | 10/25/20 | $1,577.00 |
| 6 | 7/25/17 | $300.00 | 26 | 3/25/19 | $651.00 | 46 | 11/25/20 | $1,577.00 |
| 7 | 8/25/17 | $651.00 | 27 | 4/25/19 | $651.00 | 47 | 12/25/20 | $1,577.00 |
| 8 | 9/25/17 | $651.00 | 28 | 5/25/19 | $651.00 | 48 | 1/25/21 | $1,577.00 |
| 9 | 10/25/17 | $651.00 | 29 | 6/25/19 | $651.00 | 49 | 2/25/21 | $1,577.00 |
| 10 | 11/25/17 | $651.00 | 30 | 7/25/19 | $651.00 | 50 | 3/25/21 | $1,577.00 |
| 11 | 12/25/17 | $651.00 | 31 | 8/25/19 | $651.00 | 51 | 4/25/21 | $1,577.00 |
| 12 | 1/25/18 | $651.00 | 32 | 9/25/19 | $651.00 | 52 | 5/25/21 | $1,577.00 |
| 13 | 2/25/18 | $651.00 | 33 | 10/25/19 | $651.00 | 53 | 6/25/21 | $1,577.00 |
| 14 | 3/25/18 | $651.00 | 34 | 11/25/19 | $651.00 | 54 | 7/25/21 | $1,577.00 |
| 15 | 4/25/18 | $651.00 | 35 | 12/25/19 | $651.00 | 55 | 8/25/21 | $1,577.00 |
| 16 | 5/25/18 | $651.00 | 36 | 1/25/20 | $651.00 | 56 | 9/25/21 | $1,577.00 |
| 17 | 6/25/18 | $651.00 | 37 | 2/25/20 | $651.00 | 57 | 10/25/21 | $1,577.00 |
| 18 | 7/25/18 | $651.00 | 38 | 3/25/20 | $651.00 | 58 | 11/25/21 | $1,577.00 |
| 19 | 8/25/18 | $651.00 | 39 | 4/25/20 | $651.00 | 59 | 12/25/21 | $1,577.00 |
| 20 | 9/25/18 | $651.00 | 40 | 5/25/20 | $651.00 | 60 | 1/25/22 | $1,577.00 |

EX C pg 6 of 6

34

# EXHIBIT D

35

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Erik Clark, #188693<br>Borowitz & Clark, LLP<br>100 N. Barranca Street, Suite 250<br>West Covina, CA 91791<br>(626) 332-8600 Tel.<br>(626) 332-8644 Fax<br>notices@blclaw.com | **FILED & ENTERED**<br><br>SEP 13 2019<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY sumlin   DEPUTY CLERK |

☐ *Debtor appearing without attorney*
☒ *Attorney for: Debtors*
☐ *Chapter 13 trustee*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION

In re:

GLORIA ELISA GALVAN

CASE NO.: 2:16-bk-24755-NB

CHAPTER: 13

**ORDER ON:**
☐ **DEBTOR'S MOTION TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS**
☐ **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY**
☐ **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY**
☐ **DEBTOR'S MOTION FOR AUTHORITY TO ENTER INTO LOAN MODIFICATION**
☒ **OTHER: AMENDED MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AND COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND TSDC, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

☒ No hearing held
☐ Hearing held
DATE:
TIME:
COURTROOM:
PLACE:

Debtor(s).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

36                    EX D pg 1 of 2

Based on Debtor's motion filed on (*date*) <u>August 22, 2019</u> as docket entry number <u>205</u> and the recommendation of the chapter 13 trustee, it is ordered that Debtor's motion is:

☒    Granted        ☐    Denied

☐    Granted on the terms set forth in the chapter 13 trustee's comments on or objection to Debtor's motion

☐    Granted on the following conditions:

☐    Set for hearing on (*date*) _____ at (*time*) _____.

### ###

Date: September 13, 2019

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                              Page 2                        **F 3015-1.14.ORDER.CH13.GENRL**

37                 EX D pg 2 of 2

# EXHIBIT E

38

# Gmail
by Google

Erik Clark <eclark@blclaw.com>

---

## RE: Galvan
1 message

**Erik Clark** <eclark@blclaw.com>                                      Thu, Nov 30, 2017 at 11:59 AM
To: "Bowie, Peter" <Peter.Bowie@dinsmore.com>
Cc: chris.celentino@dinsmore.com

Hi Peter,

I wanted to go over a couple of points with the Galvan case with you.  I assume you are aware that the main cause for the Chapter 7 filing was the fact that TSDC, LLC filed a lawsuit against the Galvan sisters claiming, among other thing, copyright infringements for most of their designs.  While there are defenses that we believe will stand up to the litigation, the cost of the litigation was ultimately more than the business and the sisters could sustain.

I assume the Trustee will disclose the significant risk of litigation to any purchaser of the business.  Anyone who buys these assets, and uses them for any commercial means, would be subject to the same litigation that overwhelmed the Galvans.  In light of that fact, along with the amount of labor it takes to keep this business running, I do not see how this business has any real value to anyone other than TSDC (who interestingly enough, claims they own the copyrights to almost all of the product).  It seems like they have used the Trustee, by convincing him that there was real value here, to put the Galvans out of business.

As for the issue of money received post-petition, the Trustee has acknowledged that the debtor continued operating the business once she was told by her prior counsel that she could do so.  In fact, her prior counsel sent the Trustee an email admitting that he gave the Galvans the green light to continue operating the business.  Furthermore, as I mentioned in our recent phone call, most of the funds she received were utilized to keep the business running (rent on the office space, etc.)  Lastly, since I became involved in this case the Debtor has been overly cooperative with all the Trustee's requests.  I just don't see how the Trustee can claim that the debtor had the intent required under §727(a)(2) when she consulted with prior counsel and was advised that her actions were permissible.  Then, since being informed that it was not permissible, she turned everything over and has been completely forthcoming and cooperative.

The "Chapter 7 Monthly Operating Report" filed on November 13, 2017 by the Trustee, states that the revenues for the reporting period do not exceed expenses (Question #6).  The explanation claims that the "Trustee needs to show a track record of income. That track record is anticipated to result in a substantial increase in value to assets."  We both know that is not true.  The Trustee has had this case for more than a year.  I have been involved with it for more than seven months.  We all realize the amount of labor that is needed to generate the income the business needs.  The business assets only have continuing value if they are being continuously worked.  This was a labor of love for the Debtor due to her prior cancer battle.  No one, other than TSDC, is going to buy a business that has a significant cloud of litigation hanging over it and that also requires the amount of ongoing labor this one does.  The business has been driven into the ground first by TSDC's litigation efforts and now, through their convincing of the Trustee that there was real value here, I do not see what further delays will get us.  My client continues to be cooperative and will agree to extend deadlines, but truthfully, it appears as if we're all wasting time now.

Please forward the Stips to continue the deadlines when you get a chance.

M. Erik Clark
BOROWITZ & CLARK, LLP

39                                    EX E pg 1 of 2

100 N. Barranca Street, Suite 250
West Covina, CA 91791

www.BorowitzClark.com
Office: (626) 332-8600
Fax: (626) 332-8644
Board Certified in Consumer Bankruptcy
American Board of Certification

**From:** Bowie, Peter [mailto:Peter.Bowie@DINSMORE.COM]
**Sent:** Monday, November 27, 2017 10:48 AM
**To:** Erik Clark
**Subject:** Galvan

Erik:  I'm sure you are getting tired of this, but the time to file a 727/523 is again upon us.  You and your client have been cooperative with extensions.  Those have been necessitated because of difficulties in gathering information about what the Galvan sisters have received post-petition from the online marketers.  We are prepared to file the complaint this Thursday, but would prefer to hold off while we try to package the information for a sale of the operation.  If you prefer, we can file the suit, and probably agree to some delay in service to spare your client from having to respond or take other action.  Or, we can agree to continue the filing deadline for another 30 days, if you and your client are amenable.  Please let me know at your earliest convenience.  Thanks.  Peter

# Dinsmôre

**Peter W. Bowie**
Of Counsel

Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway, Suite 800
San Diego, CA 92101
T (619) 400-0521  •  F (619) 400-0501
E peter.bowie@dinsmore.com  •  dinsmore.com

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

40

EX E pg 2 of 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

100 N. Barranca Street, Suite 250
West Covina, CA 91791

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO TRUSTEE'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE REQUEST; DECLARATIONS OF ANTOINETTE ELISA GALVAN; DECLARATION OF GLORIA ELISA GALVAN; DECLARATION OF M. ERIK CLARK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _October 10, 2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Kathy Dockery<br>Chapter 13 Trustee<br>801 S. Figueroa Street, Suite 1850<br>Los Angeles, CA 90017 | Honorable Neil Bason<br>U.S. Bankruptcy Court<br>255 E. Temple Street, Suite 1552<br>Los Angeles, CA 90012 | Gloria Galvan and Antoinette Galvan<br>3248 Pebblebrook Road<br>West Covina, CA 91791 |
| Dinsmore & Shohl, LLP<br>Attorney for Chapter 7 Trustee<br>550 S. hope Street, Suite 1765<br>Los Angeles, CA 90071 | Peter J. Mastan<br>Chapter 7 Trustee<br>550 S. Hope St., Ste. 825<br>Los Angeles, CA 90071 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 10, 2019 | Yesenia Chicas | /s/ Yesenia Chicas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    41                    **F 9013-3.1.PROOF.SERVICE**